TREASURER OF VERMONT *v.* ISAIAH CLARK.

In construing statutes the terms of a proviso may be limited by the general scope of the enacting clause, to avoid repugnancy.

The proviso to the statute of Oct. 30, 1844, giving the county court jurisdiction in cases of theft and receiving stolen goods, where the value of the property does not exceed seven dollars, is to be construed as giving jurisdiction of such cases to justices of the peace, if proceedings shall first be commenced before them.

DEBT upon a recognizance, entered into by the defendant before a justice of the peace, conditioned that one Aaron Southard make his personal appearance before the county court in Addison county, at the December Term, 1844, to answer to a charge of larceny. It was agreed, that Southard was brought before the magistrate, upon a grand juror's complaint that he had stolen property above the value of seven dollars; that the magistrate, having examined the proofs and ascertained the value of the property to be above seven dollars, ordered Southard to find surety for his appearance before the county court; that thereupon the recognizance in question was entered into by the defendant; that an indictment was found against Southard by the grand jury; and that the recognizance became forfeited by the default of Southard to appear in court.

The county court,—BENNETT, J., presiding,—upon these facts, decided, *pro forma*, that this action could not be sustained, and rendered judgment for the defendant. Exceptions by plaintiff.

*G. W. Grandy*, state's attorney.

*Linsley & Beckwith* and *P. C. Tucker* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is in regard to the construction of the proviso to the statute of Oct. 30, 1844, giving the county court concurrent jurisdiction with justices of the peace in cases of theft, or receiving stolen property, where the value of the property " does not exceed seven dollars." If we understand the proviso *literally*, it will take away from justices of the peace *all* power to

bind over for trial any person brought before them, accused of either of the foregoing offences, let the value of the property be what it may. And as they cannot try such offences, where the value of the property exceeds seven dollars, in all such cases they must of course set the offenders at liberty. If such was the intention of the legislature, they certainly did intend to confer peculiar exemptions upon this class of offenders; for justices are required to bind over, for trial, all other offenders. The supposition, then, of its literal application is too absurd to be seriously entertained. We must, then, either declare the proviso void for uncertainty, as having no intelligible meaning, which is not too absurd to be entertained; or else we must find from the language used, with reasonable certainty, what was intended.

1. If we adopt the former alternative, which is often done in regard to deeds and other contracts, and statutes also, when their meaning is so ambiguously expressed as to rest merely in conjecture, we shall then leave the law, in this respect, as it stood before; which will make the recognizance, taken in this case, valid, and entitle the plaintiff to judgment.

2. But we prefer giving this portion of the statute a sensible meaning, if it will fairly bear such a construction. And we think it will. In order to do this, we have only to limit the extent of the signification of the terms used in the proviso by the general scope of the enacting clause. This is no more than courts always must do in regard to contracts, and statutes, to prevent sometimes running into absurdity by the literal application of general terms. Very few subjects are discussed, by the plainest writers, where this is not necessary.

The object of the statute was to create a *new jurisdiction* in the county court, that is, over the offences of theft and receiving stolen goods, where the value of the property did not exceed seven dollars. But lest it might be supposed that the *new jurisdiction* was intended to take away the majority of cases of this class from justices of the peace, it was provided, that *they* should not bind over any such offenders which might be brought before them, but should proceed to try them, thus leaving the jurisdiction of each particular case to that court, where proceedings should first be instituted, and thus remedying an inconvenience, which had been experienced in the county

court, where persons confessedly guilty were of necessity acquitted, where the value of the property fell below seven dollars.

But in expressing this the legislature say, *in terms*, that justices shall not bind over any person, " whose case comes within the purview of said sections six and seven." By this we are referred to the enacting clause for sections " six and seven." There we find the new jurisdiction defined, with reference to these sections. And the only inquiry is, whether we shall understand the proviso as extending to these sections, as they *originally* stood, or as *qualified* by this new statute. It is the natural office of a proviso to qualify what goes before, and of which it forms a part,—not to introduce new provisions. If such a new and independent provision, as that justices should not bind over *in any case of theft*, were intended to be introduced, it certainly would have constituted a new section, and not a mere proviso, or limitation, to a section, which, in its widest range, did not extend nearly so far, as it is now claimed the proviso is to be extended by a literal adherence to the words of the statute.

We think, therefore, upon the facts agreed in this case, and upon which the case has been submitted to this court, the plaintiff is entitled to judgment.

Judgment of county court reversed and judgment for plaintiff for the penalty of the bond.

The defendant interposed his motion to chancer, and the case was continued for the hearing of that motion.